UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN PATRICK MURPHY, | Case No. 18-CV-1315 (PJS/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| EDDIE MILES, Warden Stillwater Correctional Facility, Minnesota, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner John Patrick Murphy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1].

Petitioner John Patrick Murphy pled guilty in 1994 to ten counts of making terroristic threats and one count of conspiracy to commit terroristic threats. See, State v. Murphy, 545 N.W.2d 909, 912 (Minn. 1996) (per curiam) ("Murphy I"). As a result, Murphy was sentenced to 96 months in prison and 450 months of probation consisting "of seven stayed 60-month sentences and one stayed 30-month sentence." State v. Murphy, No. A06-1471, 2007 WL 4390348, at *1 (Minn. Ct. App. Dec. 18, 2007) ("Murphy II"). Murphy was released from prison in 1998, violated the terms of his probation, and was returned to prison for twenty-four months upon revocation of stayed time. Id. at *2. Murphy was again released from prison in 2001, but then "failed to pay restitution to his victims, left Minnesota without his probation officer's permission, and was arrested in Iowa." Id. At that time, another sixty months of probation were revoked. Id.

1

Finally, in 2006, after yet another release from prison, Murphy was found to have willfully violated his 1994 plea agreement by failing to inform his probation officer of three recent arrests. Murphy II, 2007 WL 4390348, at *3. At the subsequent sentencing hearing, the Court revoked Murphy's probation and sentenced him to a 330-month term of imprisonment. Id. Murphy remains in prison today as a result of that revocation.

Murphy has repeatedly challenged the legality of his original conviction, subsequent revocations, and sentences both in state and federal court. As relevant to this matter, Murphy challenged his 1994 conviction in a petition for a writ of habeas corpus, brought pursuant to § 2254, that was denied on the merits in 1997. See, Murphy v. Humphrey, No. 3:96-cv-00745 (PAM/AJB) (D. Minn. dismissed Aug. 27, 1997). On November 10, 2010, a federal habeas corpus petition challenging the legality of the final probation revocation was dismissed with prejudice, partly on the merits and partly due to procedural default of the claims. See, Murphy v. King, No. 10-cv-0570 (PAM/AJB), 2010 WL 4683856 (D. Minn. Nov. 10, 2010), affirmed 652 F.3d 845 (8th Cir. 2011).

This matter is now before the Court on Murphy's latest petition for a writ of habeas corpus, again challenging the validity of both the 1994 conviction and the 2006 revocation of probation. At the same time his filed this habeas petition, Murphy requested to the Eighth Circuit that it "issue an Order holding that the [pending] habeas petition is not a second or successive petition . . . . or, in the alternative, issue an Order authorizing the Minnesota Federal District Court to consider the second or successive habeas petition." See, In re Murphy, No. 18-2047 (8th Cir. May 14, 2018). The Eighth Circuit denied the request for authorization in a terse one-sentence judgment. In re Murphy, No. 18-2047 (8th Cir. July 3, 2018).

That denial essentially precludes Murphy from procuring habeas corpus relief in these proceedings. Under 28 U.S.C. § 2244(b)(3), a habeas corpus petitioner seeking to bring a second or successive habeas petition must receive authorization from the relevant court of appeals before doing so. The Eighth Circuit has declined to give Murphy the necessary authorization, and that decision is not reviewable by this Court. See, 28 U.S.C. § 2244(b)(3)(E).

Murphy's current habeas petition is successive to his earlier federal habeas petitions challenging both the 1994 conviction and the 2006 revocation; those habeas petitions were denied with prejudice. Without authorization from the Eighth Circuit, this Court lacks jurisdiction over any second or successive habeas petition again challenging the conviction or revocation.

That being said, Murphy may argue, as he did before the Eighth Circuit, that authorization is not necessary because the pending petition is not "second or successive" within the meaning of § 2244(b)(3). This is because, Murphy argues, his claims are premised on newly discovered evidence showing his innocence of the offenses, and that evidence could not have been known to him at the time he filed his earlier habeas corpus petitions. Murphy contends here, and previously contended to the Eighth Circuit, that because he could not have raised the claims earlier, his current petition is not second or successive.

Although Murphy is correct that not "all § 2254 applications filed second or successively in time" are second or successive within the meaning of the statute, Magwood v. Patterson, 561 U.S. 320, 332 (2010) (quotation omitted), petitions based on newly discovered evidence are not among those that fall outside the rubric of being second or successive. Indeed, § 2244(b)(2)(B) expressly contemplates that certain second or successive petitions will be premised on a "factual predicate [that] could not have been discovered previously through the exercise of due diligence," but it, nevertheless, requires that authorization be granted by the circuit court for such petitions

before they may go forward in the district court. And, as explained above, the Eighth Circuit declined authorization to proceed in this instance.

Accordingly, this Court recommends that this matter be dismissed without prejudice for lack of jurisdiction. Because it is highly unlikely that any other court would treat Murphy's current habeas corpus petition differently than it is being treated here, it is further recommended that he be denied a certificate of appealability. See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for lack of jurisdiction; and

2. No certificate of appealability be issued.

Dated: August 8, 2018        s/Leo I. Brisbois
                             Leo I. Brisbois
                             United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).